# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETHZAIDA RIVERA, | ) | |
| | ) | CIVIL ACTION NO.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| FEDEX SUPPLY CHAIN, INC. | ) | |
| f/k/a GENCO I, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ELWOOD STAFFING SERVICES | ) | |
| INC. f/k/a BERKS AND BEYOND | ) | |
| EMPLOYMENT SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff, Bethzaida Rivera, a resident of York County, Pennsylvania, by and through her attorneys, McCarthy Weisberg Cummings, P.C., brings this civil action for damages against the above named Defendants, FedEx Supply Chain, Inc. f/k/a GENCO I, Inc. and Elwood Staffing Services, Inc. f/k/a Berks & Beyond Employment Services, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff, Bethzaida Rivera ("Ms. Rivera"), is an adult individual residing in York County, Pennsylvania.

4. Defendant FedEx Supply Chain, Inc. f/k/a GENCO I, Inc. ("FedEx") is a Delaware corporation, headquartered in Cranberry Township, Butler County, Pennsylvania.

5. FedEx provides third party logistics for manufacturers, retailers and other organizations, and operates a distribution center for a consumer goods retailer in York, York County, Pennsylvania (the "York Facility").

6. At all times relevant to this Complaint, FedEx employed in excess of five hundred (500) individuals.

7. Defendant Elwood Staffing Services, Inc. f/k/a Berks & Beyond Employment Services, Inc. ("Elwood") is an Indiana corporation, headquartered in Columbus, Indiana.

8. Elwood, one of the largest staffing firms in the United States, maintains and operates a staffing office, under the trade name "Berks & Beyond," located in York, York County, Pennsylvania.

9. At all times relevant to this Complaint, Elwood employed in excess of five hundred (500) individuals.

## ADMINISTRATIVE PROCEEDINGS

10. On or about January 10, 2017, Ms. Rivera filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against FedEx and Elwood Staffing alleging sexual harassment at the workplace. The charge against FedEx was docketed as EEOC Charge No. 530-2017-01113, and the charge against Elwood was docketed as EEOC Charge No. 530-2017-01105. Both charges were cross filed with the Pennsylvania Human Relations Commission.

11. Ms. Rivera has been advised of her individual right to bring a civil action for each of her charges by receiving a Notice of Right to Sue from the EEOC for each charge, dated November 29, 2017.

12. Ms. Rivera has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## **STATEMENT OF FACTS**

13. Ms. Rivera has been a warehouse worker at the York Facility since in or about July 2016.

14. Ms. Rivera was employed initially through Elwood, and since late October, 2016, Ms. Rivera has been employed directly by FedEx.

15. Ms. Rivera has been subjected to severe and pervasive sexual harassment based upon her gender, which continued despite multiple reports of this harassment to management.

16. From shortly after the beginning of her employment, and lasting for a period of about six months, Ms. Rivera was subject to sexual harassment from a male co-worker named Rolando Cuellar Fernandez.

17. Mr. Fernandez went out of his way to follow Ms. Rivera around the warehouse and make inappropriate sexual remarks and hand gestures to her, which make her feel uncomfortable and unsafe.

18. Ms. Rivera made written and verbal reports to managers on three occasions.

19. In her first report, Ms. Rivera advised that Mr. Fernandez, among other activity, had made hand gestures as to how big his genitals were and offered Ms. Rivera money to go out with him.

20. In the second report, Ms. Rivera advised that Mr. Fernandez was following her around and stalking her at work, as well as talking to her in a sexually inappropriate manner and laughing.

21. In the third report, Ms. Rivera advised that Mr. Fernandez was waiting for her when she came out of the bathroom and said, "No disrespect, but whatever you have on underneath those pants, God-damn it looks good!," and started to laugh. Mr. Fernandez continued on with inappropriate comments about how Ms. Rivera looked and about her clothing.

22. Mr. Fernandez continued to harass Ms. Rivera despite her complaints.

23. Ms. Rivera was told that if she wanted to remove herself from the situation that she, not Mr. Fernandez, would be required to change her shift from a favorable weekday, daylight shift to a less favorable shift which was not convenient for her. Ms. Rivera did not agree to this change.

24. Mr. Fernandez's severe and pervasive sexual harassment of Ms. Rivera continued until Mr. Fernandez's employment at the York Facility ended following about six months of harassment.

# COUNT I
## SEXUAL DISCRIMINATION AND HARASSMENT
## UNDER TITLE VII
*(Plaintiff v. FedEx and Elwood)*

25. The averments of Paragraphs 1 through 24 above are incorporated by reference as though fully set forth herein.

26. FedEx and Elwood created, permitted, tolerated, encouraged and fostered a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at the York Facility where Ms. Rivera worked, which hostile environment was ongoing and pervasive.

27. The acts of FedEx and Elwood, and their respective officers, agents and employees manifesting and permitting this hostile environment, insofar as they are known to Ms. Rivera, included allowing Ms. Rivera's coworker to sexually harass her, and continuing to allow this situation to occur despite Ms. Rivera's repeated complaints and reports.

28. The sexually hostile environment was specifically known to FedEx and Elwood's management, which took no meaningful or effective action to remediate the offending behavior or to remove the offending environment.

29. As a consequence of the hostile environment supported and encouraged by FedEx and Elwood's actions and failures to act, Ms. Rivera

was subjected to emotional distress, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

30. As a result of the sexually hostile environment, Ms. Rivera has suffered emotional distress, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

31. The actions of FedEx and Elwood set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff, Bethzaida Rivera respectfully requests this Honorable Court to enter judgment in her favor and against Defendants, FedEx Supply Chain, Inc. f/k/a GENCO I, Inc. and Elwood Staffing Services, Inc. f/k/a Berks & Beyond Employment Services, Inc., together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II
## SEXUAL DISCRIMINATION AND HARASSMENT
## UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT
*(Plaintiff v. FedEx and Elwood)*

32. The averments of Paragraphs 1 through 31 above are incorporated by reference as though fully set forth herein.

33. This is an action arising under the provisions of the Pennsylvania Law, to wit, Title 42 P.S. §951, et seq. (the "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendant jurisdiction over the same because the cause or action complained of in this Count II arises out of the same facts, events and circumstances as Count I and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

34. By engaging in the creation and fostering of a sexually hostile environment, FexEx and Elwood violated the provisions of Title 43 P.S. §955 which prohibit discrimination and harassment in the workplace based upon sex.

35. As more fully set forth in Count I, Ms. Rivera has suffered directly and solely as a result of FedEx and Elwood's actions, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Plaintiff, Bethzaida Rivera, respectfully prays that judgment be entered in her favor and against the Defendants, FedEx Supply Chain, Inc. f/k/a GENCO I, Inc. and Elwood Staffing Services, Inc. f/k/a Berks & Beyond Employment Services, Inc., for all of the relief sough in Counts I, supra, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit.

        Respectfully submitted,

        McCarthy Weisberg Cummings, P.C.

| | |
|---|---|
| January 10, 2018 | /s/ Larry A. Weisberg |
| Date | Larry A. Weisberg |
| | PA Bar I.D. #: 83410 |
| | lweisberg@mwcfirm.com |
| | |
| | Derrek W. Cummings |
| | PA Bar I.D. #: 83286 |
| | dcummings@mwcfirm.com |
| | |
| | Stephen T. Mahan, Jr. |
| | PA Bar I.D. #: 313550 |
| | smahan@mwcfirm.com |
| | |
| | 2704 Commerce Drive, Suite B |
| | Harrisburg, PA 17110 |
| | (717) 238-5707 |
| | (717) 233-8133 (FAX) |
| | |
| | *Attorneys for Plaintiff* |